## PFISTER v. UNITED STATES.
### Civ. No. 349.

United States District Court
D. South Dakota.

Jan. 28, 1952.

Bellamy, Eastman & Christol, Rapid City, S. D., for plaintiff.

Leo P. Flynn, U. S. Atty., Francis G. Dunn, Asst. U. S. Atty., Sioux Falls, S. D., and Benjamin H. Pester, Sp. Asst. to Atty. Gen., for defendant.

WYMAN, District Judge.

The above named plaintiff brings this action seeking to recover a refund of certain taxes which it is alleged were erroneously reported, assessed and paid as taxes upon plaintiff's income for the years 1944, 1946 and 1947.

Defendant by its answer and several amendments thereto, in substance, admits numerous of the alleged facts in the com-

plaint, but denies that plaintiff is entitled to any of the refunds claimed by the plaintiff and, in addition, alleges in two separate counterclaims that plaintiff is liable for additional taxes for said years based upon two separate jeopardy assessments made by the Commissioner of Internal Revenue.

Most of the material facts are either admitted by the pleadings or stipulated by the parties, and it would serve no useful purpose to enumerate them in this opinion. Suffice it to say that while there are several matters of more or less minor importance raised by the counterclaims the principle question between the parties arises from their adverse claims as to the proper treatment of the proceeds from the sale of certain heifers raised by plaintiff, it being the contention of the plaintiff that the proceeds of such sales should be treated as capital gains, while the defendant contends that said proceeds should be treated as ordinary income.

■ The case was tried to the Court without a jury and by agreement of parties was submitted upon briefs rather than oral argument. I have just completed a careful examination of the record and study of the briefs and the authorities therein cited and under the facts disclosed by the record and the law as I understand it to be, I am satisfied that so far as the above mentioned issue as to the treatment of the proceeds from the sale of heifers is concerned, that the plaintiff must prevail. The evidence convinces me that the heifers in question were raised by the plaintiff, were held for breeding purposes from their birth until they were more than a year old and not primarily for sale to customers in the ordinary course of business; that they were separated from the rest of the cattle in the spring of the year following the year of their birth and when they were more than a year old and placed in a separate pasture where they were exposed to the bulls for breeding from sometime in July of that year up to the time they were sold late in the fall. The evidence shows that said heifers were a part of the plaintiff's breeding stock, and that they were sold because of the prevailing shortage of necessary ranch help.

The defendant sets forth in its brief as the first question to be determined "Whether tax payer engaged in the business of selling cattle for market must charge the cost of breeding cattle purchased in determining the gain from breeding cattle sold". This question is undoubtedly prompted by the contention in defendant's brief that the item of $8,000 as cattle purchased and unsold appearing in plaintiff's inventory for 1944 was treated as ordinary business and not part of plaintiff's capital investment. This item is not mentioned in the pleadings and no evidence in regard to it was submitted upon the trial; no jeopardy assessment for any additional tax based upon it is in the record and I fail to see how it can be regarded as within the issues in this case.

■ The next question set forth in defendant's brief has to do with the sale of certain cattle by the plaintiff through the commission firm of Long & Hansen, Sioux City, Iowa, in December, 1946, the profits or proceeds of said sale having been treated by the plaintiff as income for the year 1947. The facts concerning this sale, as disclosed by the undisputed evidence, are that the plaintiff was financed in his ranching operations by the Alliance Production Credit Association under an agreement that cattle covered by mortgage securing the indebtedness of plaintiff to said Alliance Production Credit Association could be sold by the plaintiff upon the express condition that the proceeds of any such sale should be immediately paid to said association as mortgagee; that while the cattle here in question were sold some time in December, 1946, the check representing the proceeds of such sale was sent to the mortgagee credit association on January 1, 1947, and on January 2, 1947, part of the proceeds thereof were credited to the payment of the balance due on the mortgage and the balance paid to the plaintiff by check in his favor sent to him on the 2nd day of January, 1947. The uncontradicted evidence shows that the plaintiff's income tax returns have been uniformly made upon an actual cash receipts and disbursements basis rather than upon an accrued basis, and in view of the undisputed evidence that plaintiff did not

receive any part of the proceeds of this sale, or any credit therefor, until the 2nd day of January, 1947, it was properly treated as income for the year 1947.

■ It appears by the record that a jeopardy assessment was made by the Commissioner for additional tax based upon alleged error in the tax return of plaintiff for the years 1946 and 1947. Aside from the alleged error in the treatment of the proceeds of the sale of cattle, the assessment sets forth a reduction of $300 in the deduction reported for the purchase of feed, seed and salt; and a reduction in the amount reported as proceeds from the sale of horses from $650 to $550. A statement attached to the jeopardy assessment also shows a failure on the part of the plaintiff to report a deduction of $500 for the support of his wife. As indicated above, the reduction of $300 for the amount used in the purchase of feed, seed and salt, and the deduction of $100 from the amount claimed as derived from the sale of horses, are matters of little or no importance especially as the statement shows a failure on the part of the plaintiff to report a deduction of $500 for the support of his wife, which would more than offset the error in the deduction of the other two items. None of these claimed errors, with the possible exception of those based upon the alleged error in the treatment of proceeds from the sale of cattle, are covered by the pleadings. No evidence was submitted regarding them, except that contained in the jeopardy assessment, Exhibit 18, and no mention of them is made in the brief. Therefore, I assume that they are not within the issues in this case and have been abandoned.

■ Insofar as plaintiff's claim of a deduction from his taxable income of $3,000 paid to his wife is concerned, while he undoubtedly made the payment alleged, under the evidence I find nothing that would justify a holding that it was paid as wages within the contemplation of the law. The rational conclusion and my finding under the evidence is that while he paid the money to his wife, it was not paid under circumstances showing it to be a necessary expense in connection with his ranching business, but rather as a gratuity in recognition of his wife's services over a period of years. It is a matter of slight importance under the facts in the case, especially since the amount was reported by the plaintiff's wife in her income tax return and the tax thereon was paid by her.

From the foregoing it will be apparent that after adopting the stipulated facts and those admitted by the pleadings, I find the remaining facts in favor of the plaintiff with the exception of the fact as to the payment of the $3,000 above mentioned. As to that item, my finding is in favor of the defendant.

Upon submission of proper findings of fact and conclusions of law in conformity with the foregoing, and proper judgment, the same will be signed and entered of record.